UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>TECHBUSINESS RESOURCES, LLC,<br><br>    Defendant. | Case No.  20-cv-06048-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM**<br><br>[Re:  ECF 12] |

Before the Court is Defendant Techbusiness Resources, LLC's ("Techbusiness") motion to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Mot., ECF 12. Techbusiness argues that Plaintiff Scott Johnson's only federal claim—brought under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.—is moot because Techbusiness has since removed the barriers alleged in the complaint. Plaintiff Johnson has failed to respond to the motion.

The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). The Court agrees with Techbusiness that the ADA claim is moot, and for the following reasons GRANTS Techbusiness's motion to dismiss the ADA claim. The Court DECLINES TO EXERCISE supplemental jurisdiction over the remaining state law claim.

**I. BACKGROUND**

Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. Compl. ¶ 1, ECF 1. He also has significant manual dexterity impairments. *Id*. Johnson alleges that in February,

March, and July 2020, he visited the public business Old Floors. *Id*. ¶ 8. During these visits, Johnson observed that Old Floors lacked a compliant, accessible parking space. *Id*. ¶¶ 10-18. Johnson alleges that Techbusiness owns the real property located at 440 Queens Lane, San Jose, California. *Id*. ¶¶ 2–3.[1] Johnson filed this action against Techbusiness on August 27, 2020, alleging violations of the ADA and the California Unruh Civil Rights Act, Cal. Civ. Code § 51–53. *See generally id*. For his ADA claim, he seeks only injunctive relief to remove the alleged barriers to access. *See id*., Prayer ¶ 1.

**II. LEGAL STANDARD**

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or a federal question, or those to which the United States is a party. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 376–77 (2012); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp*., 975 F.2d 1412, 1415 (9th Cir. 1992) ("Federal courts have no power to consider claims for which they lack subject-matter jurisdiction."). The Court has a continuing obligation to ensure that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins*., 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party

---

[1] Johnson does not plead facts that allege Old Floors is located at 440 Queens Lane in San Jose. The Court infers this fact from his complaint. Techbusiness does not argue to the contrary. *See* ECF 12 at 2.

asserting jurisdiction. *Id.*; *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id*. Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

When jurisdictional issues are intertwined with the merits, a court "must apply the summary judgment standard in deciding the motion to dismiss." *Johnson v. California Welding Supply, Inc.*, 2011 WL 5118599 (E.D. Cal. Oct. 27, 2011). Because Johnson's claim and jurisdiction are both premised on the ADA, jurisdiction and substance are intertwined. Accordingly, the Court applies the summary judgment standard to Techbusiness's motion to dismiss for lack of subject matter jurisdiction. A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). The Supreme Court has

3

determined that jurisdictional dismissals are warranted "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83.

**III. DISCUSSION**

The ADA's anti-discrimination provision applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The parties do not dispute that Old Floors qualifies as a place of public accommodation under section 12182(a). Techbusiness brings a factual challenge to the Court's subject matter jurisdiction, arguing that Johnson's ADA claim is moot because, as of October 2020, none of the alleged access barriers in the Old Floors parking lot are present. Mot. at 5; ECF 12-4. To support this argument, Techbusiness offers the declaration[2] of Michael Miyaki, a Certified Access Specialist who has worked in the field of disability access compliance for the past ten years. *See* Miyaki Decl. ¶ 2, ECF 12-2; ECF 12-3 (Miyaki Qualifications); ECF 12-4 (Miyaki Report on Old Floors ADA Compliance). Miyaki states in his declaration that he performed an inspection of Old Floors and found that "there was a van accessible parking space on the Premises; that the van accessible space had an adjacent access aisle; that both the accessible space and access aisle had appropriate slopes of 2% or less; that the accessible parking space has the required 'Van Accessible' and 'Minimum Fine' signage; and that an appropriate path of travel from the parking exists at the Property." ECF 12-3 ¶ 7; *see also* ECF 12-4. Miyaki further concluded that the parking space met the relevant size and marking guidelines. ECF 12-3 ¶¶ 8-9. As such, Techbusiness contends that this Court cannot

---

[2] The Ninth Circuit has recognized that affidavits are perfectly appropriate evidence for determining whether the Court has subject matter jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage*, 343 F.3d at 1039 n.2).

provide Johnson with the injunctive relief he seeks. Mot. at 5. Johnson does not offer any contrary evidence to meet his burden to establish subject matter jurisdiction in the face of this evidence from Techbusiness. *See St. Clair*, 880 F.2d at 201; *Savage*, 343 F.3d at 1040 n.2. Indeed, Johnson did not respond to the instant motion. *See* ECF 13 (notice of non-response).

The uncontroverted evidence shows that the ADA violations alleged by Johnson are no longer present at the property owned by Techbusiness. A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. Of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). In the context of a complaint brought under the ADA, "because a private plaintiff can sue only for injunctive relief (i.e. for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see, e.g., Johnson v. 1082 El Camino Real, LP*, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) (finding an ADA claim moot where "the undisputed evidence show[ed] that Defendants ha[d] corrected the sole alleged access barrier alleged in the complaint"). This is precisely the scenario here. In view of the record before the Court, Johnson cannot plausibly expect to encounter the alleged barrier in the future.

The Court finds Johnson's ADA claim moot and on that basis grants Techbusiness's motion to dismiss for lack of subject matter jurisdiction.

**2. California Unruh Act claim**

The Court has dismissed Johnson's only federal law claim against Techbusiness, such that only the state law Unruh Act claim remains against Techbusiness. Courts in this district have

declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim. *See, e.g.*, *Johnson v. Mantena LLC*, 2020 WL 1531355, at *6 (N.D. Cal. Mar. 31, 2020; *Johnson v. Torres Enterprises LP*, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019); *Johnson v. 1082 El Camino Real, LP*, 2018 WL 1091267, at *2; *see also Johnson v. Otter*, 2019 WL 452040, at *3 (N.D. Cal. Feb. 5, 2019) (exercising supplemental jurisdiction "at least until" an identical ADA claim against a non-moving defendant was resolved"). Because the Court finds that it would not further "the interest of judicial economy, convenience, fairness and comity," it, too, declines to exercise supplemental jurisdiction over Johnson's remaining Unruh Act claim. *See Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001).

**IV. ORDER**

For the foregoing reasons, the Court GRANTS Techbusiness's motion to dismiss Johnson's ADA claim for lack of subject matter jurisdiction under Rule 12(b)(1). The Court DECLINES TO EXERCISE supplemental jurisdiction over Johnson's Unruh Act claim and DISMISSES the claim WITHOUT PREJUDICE to Johnson refiling it in state court.

Dated: November 27, 2020

_____
BETH LABSON FREEMAN
United States District Judge